# Autrey *v.* The State.

### Robbery.

(Decided February 6, 1917.   74 South. 397.)

**1. Charge of Court; Covered by Those Given.**—Where the matter is substantially covered either by the oral charge, or by requested charges given, duplicate charges are properly refused.

**2. Same; Cedibility of Witnesses.**—A charge asserting that if certain witnesses had been impeached, their evidence would not justify a conviction without corroborating evidence indicating defendant's guilt, was properly refused as misleading, and partly abstract.

**3. Same.**—A charge asserting that testimony of witnesses known to be unworthy of belief or impeached in any other manner, is insufficient to sustain a conviction, etc., allowed the jury to determine the credibility of such witnesses outside of the evidence, and was properly refused.

**4. Robbery; Offense; Instructions.**—Where the defendant was indicted for robbery, but was convicted of larceny, a charge asserting that he had no

[Autrey v. The State.]

right to commit a breach of the peace in taking the money, although his victim was not lawfully in possession of it, was not erroneous.

5. **Indictment and Information; Charges Included.**—One indicted for robbery may be convicted of larceny thereunder.

APPEAL from Monroe Circuit Court.

Heard before Hon. BEN D. TURNER.

Matthew Autrey was convicted of larceny, and appeals. Affirmed.

The evidence tended to show that Matthew Autrey, Frank Smith, and others were engaged in a game of "skin," and that Matthew Autrey became broke, and, drawing his pistol, pointed it at Smith's head and forced him to lay down on the bench near by $4 in silver, which defendant took and carried away. Defendant's testimony tended to show that he had $4 in his pocket, and that after the game he went to sleep, and while asleep Smith stole $4 from him, and, on awakening and discovering the theft, he told Smith he had better give up his money, and that Smith gave him the money; that he did not have a pistol, and did not point it at his head. The following charges were refused to defendant:

(1) The affirmative charge: "(11) You must believe beyond a reasonable doubt that the property involved in the prosecution was the property of Frank Smith before you can convict."

"(E) If you believe that Frank Smith and Theophilus Stallworth had been impeached in this case, their evidence is not sufficient to justify a conviction without corroborating evidence, and such corroborating evidence, to avail anything, must be facts tending to show the guilt of defendant."

"(R) The testimony of witnesses for the prosecution, who are known to be unworthy of belief, or who are impeached in any other manner, is not sufficient to justify a conviction without corroborating evidence, and such corroborating evidence, to avail anything, must be facts tending to show the guilt of defendant."

HYBART & BIGGS, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

PELHAM, P. J.—Refused charge No. 1 requested in behalf of the defendant (the general charge) was properly refused as the evidence set out in the bill of exceptions shows that the ques-

[Pillar v. The State.]

tion of the defendant's guilt of the greater offense charged against him, or of one of the lesser offenses included, was for the jury.

(1) Charge No. 11 was substantially covered by the written charges given at the request of the defendant and the oral charge of the court.

(2) Charge E is misleading and in part abstract as applied to the facts, and was well refused.

(3) Charge R predicates a finding by the jury on a knowledge of the unworthiness of belief of witnesses outside of the evidence.

(4) That part of the oral charge of the court, to the effect that the defendant has no right to commit a breach of the peace in taking the money, although the person was not lawfully in possession of it, was free from error.—*Danzey v. State*, 126 Ala. 15, 28 South. 697.

(5) The court properly charged the jury that under the indictment for robbery a conviction could be had for larceny. Each of the lesser offenses of assault with intent to rob, assault, and battery, simple assault, or larceny are included in the greater offense.—*Rambo v. State*, 134 Ala. 71, 32 South. 650; *Smith v. State*, 11 Ala. App. 153, 65 South. 693.

We have examined the whole record, and find no error, or other question that requires discussion.

Affirmed.