139 So.2d 347

Jimmy Leon **RIDDLE**

v.

**STATE.**

**7 Div. 678.**

Court of Appeals of Alabama.

March 13, 1962.

J. A. Johnson, Fort Payne, for appellant.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant stands convicted of robbery.

In the trial below the appellant entered a plea of not guilty and not guilty by reason of insanity.

The evidence introduced by the State tends to show that this appellant entered the store of Mr. J. O. Owens in DeKalb County about 7 o'clock on a Saturday night in March 1961.

The appellant asked for a drink of water and on being told that there was no drinking water but that cold drinks were available, he indicated he did not want a cold drink. The appellant hung around in the store for about thirty minutes and when there were no other people in the store but him and Mr. Owens, he leveled a gun at Mr. Owens and forced him to clean out the cash register. Mr. Owens testified that the appellant obtained approximately $240.00 in this manner.

After his arrest the appellant signed a written statement in which he set forth in minute detail his participation in this robbery. After a full establishment of the predicate of voluntariness, his statement was received in evidence.

As a witness in his own behalf the appellant testified that several years prior to this alleged offense he had been knocked off of a mule when his head struck a limb and that since that time he had suffered from headaches, and there were periods of time when he would not remember what he had done. The appellant testified that he had no recollection of the events on the Saturday night in question, and that he did not remember executing the alleged confessory statement above mentioned.

The defense also introduced several witnesses who testified to the effect that the appellant had not been normal since he had been knocked off the mule.

In his brief counsel for appellant complains of the failure of the court to charge as to any lesser included offenses, and of the court's refusal of his requested charges to the effect that the jury might convict the appellant of assault and battery or guilty of attempted robbery.

Under the evidence the court was clearly correct in refusing the charges relative to the lesser included offenses, since this appellant was either guilty of robbery or he was not guilty by reason of insanity. Any instruction as to any lesser included offense would have been entirely abstract under the evidence.

When the rulings of the court were invoked in the trial below they were so palpably correct on elementary principles of law as to render unserviceable any discussion of these rulings, and we refrain from a discussion of these rulings for this reason.

Refused charges 2, 3, and 4 related to the lesser included offenses of robbery and were properly refused under the evidence as being abstract. Furthermore, refused charge 4 is argumentative.

Refused charges 1 and 7 were properly refused. The statement in each charge that the presumption of innocence "remain with him throughout the case" is misleading. Williams v. State, 144 Ala. 14, 40 So. 405.

While it is the law that the presumption of innocence is an evidentiary fact, and this presumption remains with the defendant until the State has shown by testimony, beyond reasonable doubt, that the defendant is guilty as charged, charges 1 and 7 which seek to set forth this principle are so ineptly drawn and involved, they were, as requested properly refused. Fox v. State, 17 Ala.App. 559, 87 So. 621.

Refused charge 10 was not predicated upon the evidence and is otherwise faulty and was properly refused.

Refused charge 13 is erroneous in stating the principle sought to be enunciated and was properly refused.

Refused charges 9, 12, and 14 were argumentative and otherwise faulty and were properly refused.

Refused charge 11 was faulty because of "shch" appearing therein and furthermore, the principle sought to be set forth in this charge was covered by the court's oral charge.

Refused charge 15 is a reasonable doubt charge and this principle was covered in the court's oral charge.

Refused charge 16 was faulty in its use of the words "beyond doubt" instead of "beyond a reasonable doubt." The charge is otherwise faulty, and was properly refused.

Refused charges 5, 6, and 8 are affirmative in nature and were properly refused under the developed evidence in this case.

Affirmed.