168 So.2d 231

**Leon COOPER**

v.

**STATE of Alabama.**

**3 Div. 122.**

Supreme Court of Alabama.

Oct. 22, 1964.

Jas. W. Cameron, Montgomery, for appellant.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

GOODWYN, Justice.

Appellant, Leon Cooper, was indicted and tried for the offense of robbery. The jury found him guilty and fixed his punishment at imprisonment in the penitentiary for 30 years. Judgment and sentence were in accord with the verdict. Cooper's motion for a new trial was overruled.

Cooper was represented at his arraignment, throughout his trial, and on his motion for a new trial, by court-appointed counsel. He is also represented by court-appointed counsel on this appeal.

The indictment charges Cooper with robbing William O. Mallory of a Ford automobile, a wrist watch, and $35 in lawful currency of the United States. Upon arraignment, Cooper entered pleas of "not guilty" and "not guilty by reason of insanity."

The evidence clearly establishes the robbery, as charged in the indictment. There is no evidence to the contrary. Detailing the evidence would serve no useful purpose. It is sufficient to note that when Mallory returned home in the Ford car about 11:30 P.M. on the night in question, Cooper entered the car, held a knife to Mallory's neck and ordered Mallory to drive him towards Wetumpka; that, on passing Julia Tutwiler prison, Cooper ordered Mallory to drive behind a house where Cooper tied Mallory to a tree with wire and then took Mallory's watch and billfold containing $35 and drove off in the car. The knife was held on Mallory until he was tied to the tree. After about 45 minutes, Mallory freed himself and notified the sheriff's office. The next afternoon, a deputy sheriff found Cooper asleep in a house about a quarter of a mile from where Mallory was tied up. He was arrested on a warrant, issued before the alleged robbery, charging him with petit larceny and brought back to the county jail.

After reaching the jail he was questioned by the deputy sheriff. Before the questioning, he was advised that he would be charged with robbery and that he did not have to make a statement. The evidence shows that Cooper's statement was voluntary. He made no request to see or consult with a lawyer. In answer to a question as to what Cooper told him in the jail, the deputy sheriff testified as follows:

"He said that he had—first, he said anything he told us we wouldn't believe him anyway—and I told him, 'Leon, we don't want you to tell us a lie, tell us the truth.' He said, 'Well,' he said, 'I might as well tell you because this is the quickest way to get back to prison,' he said, 'I can't make it on the outside.' He said, 'I took Mr. Mallory's car—I took Mr. Mallory away from Montgomery at knife point and took him to this abandoned house above Tutwiler, tied him up, took his billfold and his car keys and his watch, and went to Birmingham and sold the watch to a Nigger in Birmingham, and came on back to this Luster house,' and that is when he went to bed, or went to sleep on the couch."

For reversal, appellant, in his brief, claims error in the refusal of his requested written charges 8, 11, 13 and 14. We find no reversible error in the refusal of these charges.

Charge 8 was properly refused, if for no other reason, because it was fairly

202

and substantially covered by defendant's given charge 3 and the court's oral charge. See: Johnson v. State, 272 Ala. 633, 133 So. 2d 53; Goldin v. State, 271 Ala. 678, 127 So. 2d 375; Walker v. State, 265 Ala. 233, 90 So.2d 221; Code 1940, Tit. 7, § 273.

Charge 11 was fairly and substantially covered by appellant's given charge 10, and for this reason, if for no other, it was properly refused.

Charge 13 is as follows:

"Gentlemen of the jury, the court charges that an indictment for robbery also embraces the charge of assault and battery and if you believe from the evidence that the defendant is guilty of the offense of assault and battery as I have defined it to you rather than robbery, then you may find the defendant guilty of this offense rather than the offense of robbery charged in the indictment."

Aside from any other reason, this charge was properly refused because there was no controversy as to whether the offense for which Cooper was being tried was one other than robbery, that is, the lesser-included offense of assault and battery. See: Kelly v. State, 235 Ala. 5, 6, 176 So. 807; Riddle v. State, 41 Ala.App. 544, 545, 139 So.2d 347; Anno: "Effect of failure or refusal of court, in robbery prosecution, to instruct on assault and battery", 58 A.L. R.2d 808.

Charge 14 deals with an indictment for larceny, and not robbery. It was properly refused for this reason, if for no other.

The defense of insanity in a criminal prosecution must be clearly proved to the reasonable satisfaction of the jury, and the burden is on the defendant to do so. See: Knight v. State, 273 Ala. 480, 489, 490, 142 So.2d 899; Hawkins v. State, 267 Ala. 518, 523, 524, 103 So.2d 158. On the issue of defendant's competency, a jury question was presented. See: Hawkins v. State, supra.

Being mindful of our duty in cases of this character (Code 1940, Tit. 15, § 389; Payne v. State, 261 Ala. 397, 402, 74 So.2d 630; Johnson v. State, 257 Ala. 644, 646, 60 So.2d 818; Wesson v. State, 238 Ala. 399, 400, 191 So. 249) we have carefully examined the entire record, and all questions presented have been duly considered. Our conclusion is that the record is free of error prejudicial to the substantial rights of appellant. Accordingly, the judgment is due to be affirmed; and it is so ordered.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.