245 So.2d 570

Joe Corbett **BENNETT**

**v.**

**STATE.**

**5 Div. 30.**

Court of Criminal Appeals of Alabama.

Jan. 12, 1971.

Rehearing Denied March 2, 1971.

Maye & Melton, Opelika, for appellant.

MacDonald Gallion, Atty. Gen., and Jasper B. Roberts, Asst. Atty. Gen., for the State.

**536**

PRICE, Presiding Judge.

This is an appeal from a conviction for a violation of Title 22, Sec. 256, Code of Alabama 1940, with a penitentiary sentence of five years.

The evidence adduced by the state tends to show that on September 17, 1968, federal, state and county agents and investigators, armed with a search warrant, searched a house in Auburn, Alabama, which had been rented to defendant since the fall of 1966. Various amounts of vegetable matter determined to be marijuana by the state toxicologist, were found in two bedrooms, the livingroom and outside the house in a flower bed inclosure. Defendant was not at home when the search was made.

The owner of the house testified both he and defendant used one room of the house for storage purposes.

Lieutenant Herman Chapman, an investigator for the State Department of Public Safety, testified he talked with defendant in the sheriff's office after his arrest. Defendant was warned of his right to remain silent; that any statement he made could be used against him in a court of law; that he had a right to have an attorney present and if he did not have money to employ an attorney the court would appoint one for him and no questions would be asked of him if he requested an attorney. No inducement, offer of reward or threats were used to obtain a statement. Defendant made an oral statement in which he stated he had been living alone in the house rented from Mr. Jones for about two years; that he was a senior student at Auburn University; that he had been growing marijuana in flower beds and in a patch behind the house for about ninety

days; that he grew it for his own use and for experimental purposes, but that he had not sold or given any away; that he had pulled it up, hawled it away and burned it.

The evidence presented questions for the consideration of the jury and was sufficient to sustain the verdict. There was no error in the court's refusal of the affirmative charge nor in the overruling of the motion for a new trial on the ground of the insufficiency of the evidence.

The affidavit leading to the issuance of the search warrant reads in pertinent part:

"* * * there is now being concealed certain property namely marijuana, * * * which are being grown and possessed in violation of Title 22, Section 256, of the Code of Alabama * *. And that the facts tending to establish the foregoing grounds for issuance of a search warrant are as follows: The undersigned has received information from a reliable informant that the informant knows that marijuana is being grown on the premises and that the said informant has given the undersigned correct and reliable information in the past.

(Signature of Affiant) Jerry Popwell."

On his voir dire examination Officer Popwell testified:

"I put testimony before Judge Whittelsey to the effect that Agent Jerry Ward and myself were at the accompanying residence, the house next door some, I guess thirty—twenty-five or thirty yards from this house and observed the outer portions of the house and what he identified to me as being marijuana. Now, as for me knowing personally it was marijuana, I don't."

■ The affidavit is insufficient under Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. But we are of opinion the testimony of Officer Popwell was sufficient to base a finding of probable cause. Oliver v. State, Ala.Crim.App., 46 Ala.App. 118, 238 So.2d 916.

In its oral charge the court instructed the jury:

"There is a question here of an alleged confession of this defendant. One of the lawyers for the defendant says that he was carried downstairs by two big strapping sheriffs or officers. You are not to determine, gentlemen, whether or not that confession was *valid or invalid.* That's *up to the court to determine that.* It is *a matter of law. And the court has held that confession was admissible.* You can consider the confession along with all the evidence in the case. *The jury considers the voluntariness* as affecting the weight or credibility of the *confession.* In other word, gentlemen of the jury, you consider all of the evidence in the case. You don't consider whether or not it is improper evidence because the court determines whether it is proper evidence or improper evidence. Any evidence that comes to you from this stand has been passed on by the Court and therefore you can consider that evidence or else it wouldn't come to you."

The defendant reserved an exception to "that portion of the court's charge wherein the court stated in effect that, you are not to determine whether a confession is valid or invalid."

■■■ The term "valid" means in law having legal strength, force, and effect, or incapable of being rightfully overthrown or set aside. Words and Phrases, Permanent Edition, Volume 44. We are of opinion the use of the terms "valid" and "invalid" in this connection was calculated to mislead the jury into believing the confession to be of binding legal force, whereas the jury may disregard the confession if they entertain a reasonable doubt as to its truth. Brister v. State, 26 Ala. 107.

In his "Order and Judgment Denying Motion for New Trial," the trial judge states that in charging the jury he had before him the following statement as to the law of confessions in the case of Duncan v. State, 278 Ala. 145, 176 So.2d 840:

"If the confession is held voluntary and admitted, the jury's consideration of that confession and surrounding circumstances shall proceed in accordance with 'Orthodox' procedure, that is, *the jury considers the voluntariness as affecting the weight or credibility of the confession."*

While the language set out hereinabove does appear in *Duncan,* and the same general statement of law appears in Burton v. State, 107 Ala. 108, 18 So. 284, in both of these cases the court had already fully stated the well established rules pertaining to the respective roles of the judge and jury in determining admissibility and credibility of confessions. The italicized portion of *Duncan,* in our opinion was simply a shorthand expression of the function of the jury and was not intended for use as a jury instruction.

It has been said many times that statements of law in judicial opinions are not always proper for jury instructions in other cases. Knight v. State, 273 Ala. 480, 142 So.2d 899; Holloway v. State, 37 Ala. App. 96, 64 So.2d 115; Lakey v. State, 258 Ala. 116, 61 So.2d 117.

From the wording of the instruction as given it might well have appeared to the jury that they were to review the question of the voluntariness of the confession.

A reading of the cases indicates that instead of using the word "voluntariness," the jury should be instructed that it may consider all the facts and circumstances surrounding the taking of the confession in determining the weight or credibility it will give the confession. See Duncan v. State, supra; Johnson v. State, 242 Ala. 278, 5 So.2d 632; Redd v. State, 69 Ala. 255.

The judgment is reversed and the cause remanded.

Reversed and remanded.

CATES, Judge (concurring specially).

**538**

I would add two further reasons for reversal: (1) the Miranda warning as to right to counsel being appointed was not explicit enough; and (2) the testimony of officers Popwell and Ward before Judge Whittelsey should have been reduced to writing. Brandies v. State, 44 Ala.App. 648, 219 So.2d 404; Code 1940, T. 15, § 103.