275 So.2d 634

Kenneth **WALLACE**

v.

**STATE of Alabama.**

SC 262.

Supreme Court of Alabama.

April 5, 1973.

202

C. Delaine Mountain, Tuscaloosa, for appellant.

William J. Baxley, Atty. Gen. and Otis J. Goodwyn, Jr., Asst. Atty. Gen., for the State.

PER CURIAM.

This case was transferred from the Court of Criminal Appeals to the Supreme Court of Alabama on February 8, 1973, in compliance with the provisions of Section 1 of Act 74, approved December 22, 1971, 1971 Acts of Alabama, 3rd Special Session, page 4282. See Cumulative Pocket Part to Volume 4 of the 1958 Recompiled Code where the provisions of Section 1 of Act 74, supra, are carried as Section 111(11a), Title 13.

Appellant was indicted for and convicted of committing the offense of robbery. He was sentenced to imprisonment in the penitentiary of this state for a period of ten years.

On November 15, 1971, Mrs. Debbie Singley was an employee of W. Pate Waldrup, a photographer, who maintained a studio at 583–17th Street in Tuscaloosa, Alabama. Waldrup lived in Birmingham, and Mrs. Singley was in charge of his Tuscaloosa studio.

The evidence shows that at about 4:45 o'clock on the afternoon of November 15, 1971, three young colored males entered the studio. They asked for a job and were advised by Mrs. Singley, in effect, that she was not sure that they could obtain employment at the studio. Shortly thereafter, one of the young men drew a gun. Mrs. Singley was thrown to the floor. She was blindfolded. Her hands were tied behind her back, and her legs were bound. Telephone wires in the studio were cut by the intruders.

Mrs. Singley's glasses, billfold and its contents, $10.00 and keys, were taken as were cash and checks totaling $190.00 which belonged to W. Pate Waldrup.

204

The main insistence for reversal is that the trial court erred in admitting the alleged confession in evidence in that there was not "an adequate showing on the part of the State that the confession was voluntarily given."

■ The settled rule of this Court is that all extrajudicial confessions are presumed to be involuntary and, therefore, are prima facie inadmissible with the onus resting on the prosecution to repel the imputation of undue influence unless the attending circumstances affirmatively disclose the voluntariness of the confession. Any inducement of profit or benefit held out; any hope engineered or encouraged that the prisoner's case will be lightened, meliorated, or more favorably dealt with if he will confess; either of these is enough to exclude the confession thereby superinduced. Any words spoken in the hearing of the prisoner which may, in their nature, generate fear or hope render it not only proper but necessary that a confession made within a reasonable time afterwards shall be excluded, unless it is shown by clear and full proof that the confession was voluntarily made after all trace of hope or fear had been fully withdrawn or explained away and the mind of the prisoner made as free from fear, intimidation or hope for reward as if no attempt had ever been made to obtain such a confession. The true test is whether, under all the surrounding circumstances, a confession has been induced by a threat or a promise, express or implied, operating to produce in the mind of the prisoner apprehension of harm or hope of favor. If so, whether true or false, such a confession must be excluded from the consideration of the jury as having been procured by undue influence. The duty rests in the first instance on the trial judge to determine whether or not a confession is voluntary. Womack v. State, 281 Ala. 499, 205 So.2d 579; Harris v. State, 280 Ala. 468, 195 So.2d 521; Bush v. State, 282 Ala. 134, 209 So.2d 416; Beecher v. State, 288 Ala. 1, 256 So.2d 154; Duncan v. State, 278 Ala. 145, 176 So.2d 840; Edwardson v. State, 255 Ala. 246, 51 So.2d 233; Stewart v. State, 231 Ala. 594, 165 So. 840.

■ At the outset, if a person in custody is to be subjected to interrogation, he must first be informed in clear and unequivocal terms that he has the right to remain silent; that anything he said can be used against him in court; that he has the right to have counsel present at the interrogation; that if he is indigent and cannot afford to pay a lawyer the court will appoint a lawyer to represent him during the interrogation. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. See Washington v. State, 287 Ala. 289, 251 So.2d 592.

■ Whenever a motion is made for the question of the voluntariness of the confession to be determined outside of the presence of the jury, the motion should be granted by the trial court. In such a hearing the trial judge sitting alone should make a determination upon a proper record of the issue of voluntariness. At such a hearing the defendant may take the stand and testify for the limited purpose of making a record of his version of the facts and circumstances under which the confession was obtained. By so doing, the defendant will not waive his right to decline to take the stand in his own defense on the trial in chief nor will he waive any of the other rights stemming from his choice not to testify. If the confession is held voluntary by the trial court and admitted in evidence, the jury shall consider all the facts and circumstances surrounding the taking of the confession in determining the weight or credibility which it will give the confession. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593; Duncan v. State, supra; Rudolph v. Holman (D.C.), 236 F.Supp. 62; Taylor v. State, 42 Ala.App. 634, 174 So.2d 795; Bennett v. State, 46 Ala.App. 535, 245 So. 2d 570.

At the request of appellant, Detective South was examined outside the presence of the jury in regard to the events which led up to the making of the confession. Jackson v. Denno, supra; Duncan v. State, supra; Bennett v. State, supra.

South testified that the Miranda warnings were given at the very outset of the interrogation and that appellant was then advised that he was a suspect "along with Charlie McClyde, Jr., and Larry Wilder in robbing Waldrup Studio located at 583–17th Street back on 11/15/71."

South stated categorically that neither he nor anyone in his presence made any promise to appellant regarding his confession. He was not threatened nor told it would be better or worse for him to confess. He was not offered a reward or hope of reward or coerced in any way to get him to confess.

But despite those categorical statements, the record shows that during his examination outside the presence of the jury, South was asked the following questions and gave the following answers:

"Q. Did you promise to help him in any way concerning probation if he would confess?

A. I did not promise to help him in any way concerning probation. It's possible that it—maybe the statement was made 'if the probation officer asked if you give (sic) a statement and told the truth that we could tell him that you did', but it was made clear to the Defendant that not in any way could we promise him anything."

\*   \*   \*   \*   \*   \*

Q. You mentioned earlier possibly making, or making, some statement to him in regard to if the probation officer talked with y'all that y'all would—what was that you said?

A. I said that there was not any promises made to the defendant.

Q. I know, but didn't you . . . . (Interrupted)

A. As a policy I always tell the Defendant on interviewing that I cannot promise him anything to make a statement. The most I could do is if the Probation Officer asks me if the Defendant made a statement and if we felt like he told us the truth, we could either tell him he did or we did not feel like he told the truth.

Q. In your opinion, was this Defendant told that?

A. As a policy I usually tell a Defendant that. I cannot say that it was or was not.

Q. In your best judgment—if that is your policy, in your best judgment then this Defendant would have been told that.

A. It's possible he could have been told that."

At this point counsel for appellant moved to exclude the confession referred to as "the statement" on the ground that: "The mere reference to discussing his cooperation or noncooperation with a probation officer is a promise of a reward."

Counsel for appellant elected not to elicit testimony from appellant at the hearing held outside the presence of the jury. In fact, no one was questioned on that occasion other than South.

We think it was adequately shown by South's uncontradicted testimony that the Miranda warnings were given to appellant; that he understood them and made an intelligent waiver of his right to have counsel present at the interrogation.

We cannot say that South's testimony at the hearing outside the presence of the jury demonstrated that the attending circumstances affirmatively disclose the voluntariness of the confession. See Bush v. State, supra.

So the burden was on the State to show the voluntariness of the confession. The appellant insists that South's testimony last quoted above in answer to the quoted questions shows that the confession was not voluntarily given but resulted from a promise of reward made by South to the appellant. We disagree.

South did not deny that he made the statements of which complaint is made to the appellant during the course of the interrogation. He testified, in effect, that "as a policy" he usually makes such a statement to a suspect and that it is possible that he did so during the course of the interrogation of appellant. We think, therefore, that the burden being on the State to show the voluntariness of the confession that we should assume that the statement was made by South during the interrogation which resulted in the confession. See Womack v. State, 281 Ala. 499, 205 So.2d 579.

But we do not believe that the statement made by South to appellant in regard to the probation officer was sufficient standing alone to render appellant's in-custody confession involuntary.

The statement was neither an express nor implied promise of reward if appellant admitted his guilt. As we view South's remarks presently under consideration, they could convey only the idea that, if appellant made a statement and he was convicted, if the probation officer made inquiries of the interrogators as to whether they thought appellant's statement was true, they would express that opinion. In other words, South's remarks were no stronger than to convey the idea to appellant that it would be best or better to tell the truth if he made a statement. A promise or inducement cannot be implied from such an exhortation. King v. State, 40 Ala. 314; Aaron v. State, 37 Ala. 106; Kelly v. State, 72 Ala. 244; Edwardson v. State, supra.

We have not been cited to an Alabama case factually in point nor has our research disclosed such a case. Appellant relies upon Womack v. State, supra, but in that case the statement which the sheriff said he "could have made" to the prisoner was: "It would go lighter on me if I did talk." We do not think South's remarks here under consideration are subject to the vice of the admonition given by the sheriff to the prisoner in *Womack*, supra.

If South's remarks be construed, as did counsel for appellant at the trial below, as conveying the idea that if appellant made a statement South would advise the probation officer of appellant's cooperation, such remarks, standing alone, would not justify a holding that appellant's in-custody confession was involuntary. In United States v. Frazier, 434 F.2d 994 (5th Cir. 1970) it is said:

"Frazier's confession was not involuntary by reason of the single fact that the FBI agents told him that if he cooperated with them his cooperation would be made known to the United States Attorney, that there might be some consideration given by the United States Attorney but that the agents could make no promises. Standing alone this was not sufficient to establish that appellant's in-custody statement was involuntary. United States v. Ferrara, 377 F.2d 16 (2d Cir. 1967); Fernandez-Delgado v. United States, 368 F.2d 34 (9th Cir. 1966)."

See holdings similar to that in the *Frazier* case, supra, found in United States v. Glasgow, 451 F.2d 557 (9th Cir. 1971); United States v. Springer, 460 F.2d 1344 (7th Cir. 1972).

We hold that the trial court did not err in refusing to hold at the conclusion of the hearing conducted outside the presence of the jury that the confession was involuntarily obtained nor in overruling appellant's objection to the introduction of the confession during the course of the trial.

The foregoing disposes of the only argument advanced for reversal in the brief filed here on behalf of appellant.

■ It is our duty, however, in this criminal case to consider all questions apparent on the record or reserved by the transcript of the testimony. Section 389, Title 15, Code of 1940; Elliott v. State, 283 Ala. 67, 214 So.2d 420.

During the course of the trial before the jury, the court on several occasions sustained objections interposed by counsel for the State to questions propounded to witnesses by counsel for the appellant. Several of these rulings occurred during the course of the cross-examination of South by counsel for appellant and others occurred during the direct examination of the appellant.

■ In our opinion it would serve no useful purpose to deal with these rulings separately. The objections were properly sustained for the reason that the questions were too general, or called for purely speculative answers, or sought to elicit from the witness an uncommunicated intent of another, or inquired of the witness as to his own intent, motive, reason, belief, or the like. Shadle v. State, 280 Ala. 379, 194 So.2d 538; Alabama Great Southern R. Co. v. Yount, 165 Ala. 537, 51 So. 737; Floyd v. Pugh, 201 Ala. 29, 77 So. 323.

■ The trial court refused to give at the request of the defendant below, the appellant here, the following written charges:

"1. The court charges the jury that an indictment for robbery also embraces the charge of assault and battery.

"2. The court charges the jury that an indictment for robbery also embraces the charge of larceny."

While these charges fail to define the offense and are not based on a consideration of the evidence, nevertheless, in view of the way similar charges have been treated in the past, we are not disposed to hold that they are in improper form. Kelly v. State, 235 Ala. 5, 176 So. 807; Harris v. State, 44 Ala.App. 654, 219 So.2d 410; Lami v. State, 43 Ala.App. 108, 180 So.2d 279, cert. denied, 278 Ala. 710, 180 So.2d 282; Howard v. State, 41 Ala.App. 360, 132 So.2d 384; Stovall v. State, 34 Ala. App. 610, 42 So.2d 636, cert. denied, 252 Ala. 670, 42 So.2d 639; Duncan v. State, 30 Ala.App. 356, 6 So.2d 450, cert. denied, 242 Ala. 329, 6 So.2d 454.

It has been held by this Court and by the Court of Appeals that under an indictment for robbery, a conviction may be had for assault and battery and larceny as well as for certain other offenses. Kelly v. State, supra; Rambo v. State, 134 Ala. 71, 32 So. 650; Autrey v. State, 15 Ala.App. 574, 74 So. 397; Robertson v. State, 24 Ala.App. 237, 133 So. 742; Harris v. State, 44 Ala. App. 654, 219 So.2d 410.

But it is not error to refuse to charge the jury at the request of a defendant on the law of assault and battery, larceny, and other lesser offenses when the indictment charges robbery and the evidence is such that defendant is guilty of robbery or nothing. Segers v. State, 283 Ala. 682, 220 So.2d 848; Cooper v. State, 277 Ala. 200, 168 So.2d 231; Kelly v. State, supra; Harris v. State, supra; Bowman v. State, 44 Ala.App. 331, 208 So.2d 241; Riddle v. State, 41 Ala.App. 544, 139 So.2d 347; See Green v. State, 271 Ala. 106, 122 So.2d 520.

Under the evidence presented in this record, if any offense was committed, it was robbery, consequently under the authorities cited above, the trial court did not commit reversible error in refusing to give the defendant's requested written charges numbered 1 and 2. The defendant testified to the effect that he was at his home at the time the offense was committed and took no part therein. Mrs. Singley's testimony as to what occurred in Waldrup's studio on the afternoon of November 15, 1971, is undisputed and supports a conviction for robbery and for no other offense.

Mindful of our duty under Section 389, Title 15, Code, we have examined the record for any reversible error, whether pressed upon our attention or not. We

find no reversible error in the record and the judgment of the trial court is due to be affirmed. It is so ordered.

The foregoing opinion was prepared by Thomas S. Lawson, Supernumerary Associate Justice, and adopted by the Court as its opinion.

Affirmed.

MERRILL, COLEMAN, HARWOOD, BLOODWORTH, MADDOX, McCALL and FAULKNER, JJ., concur.

HEFLIN, C. J., and JONES, J., dissent.

JONES, Justice (dissenting).

I respectfully dissent.

I would hold that the statement made by South to appellant in regard to the probation officer was sufficient to render appellant's in-custody confession involuntary.

If we construe South's reference to the probation officer as harmless, are we not approving of his routine interrogation practice of inferring to the prisoner that his confession will be communicated to the probation officer. The "if the probation officer asks" condition implied not only that the probation officer in fact will ask, but also that his confession, or lack of one, will influence the probation officer's action toward the defendant.

Appellant relies upon Womack v. State, supra. In that case the statement which the sheriff said he "could have made" to the prisoner was: "It would go light on me if I did talk." I think South's remarks here under consideration are subject to the same vice of the admonition given by the sheriff to the prisoner in *Womack,* supra.

The same purport and intent of the statement of the sheriff in *Womack,* supra, can be imparted to South's reference to the probation officer in the instant case. Indeed, on a relative scale, the prohibited statement in *Womack* may be classified as

an innocent truism, making no reference to any person whose official position alone would infer special consideration; while here the interrogator's reference to the probation officer infers not only a possibility of probation, if convicted, but that the defendant's chances of receiving probation are at least in some measure dependent upon his confession. The strength of the inducement is made clear when we recognize the unmistakable inference in South's statement ". . . if we felt like he told us the truth . . ." The prisoner may have been young, frightened, and uneducated, but he would have had no difficulty in realizing that "the truth" to Officer South meant nothing short of a full confession. This, coupled with a holding out of even the remotest chance that such confession would be looked upon with favor by the probation officer, was violative of the defendant's constitutionally guaranteed right against self incrimination; consequently, I would hold that the admission of the confession induced thereby was error, and that the conviction is due to be reversed.

HEFLIN, C. J., concurs.