296 So.2d 746

**Elvis RABION**

v.

**STATE.**

**3 Div. 251.**

Court of Criminal Appeals of Alabama.

May 21, 1974.

Rehearing Denied June 25, 1974.

Ball, Ball, Matthews & Lamar, and Tabor R. Novak, Jr., Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Charles N. Parnell, III, Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

The appellant appeals from a conviction in circuit court for burglary with a sentence of nine years imprisonment in the penitentiary.

At the conclusion of the testimony he made a motion to exclude, and also requested the affirmative charge in writing, both of which were denied by the court.

State's witness Causey, a member of the police department of Montgomery, testified to a confession allegedly made by appellant to him while appellant was in jail in Montgomery, that he broke into the house and got the television sets involved. The appellant in his brief insists that the court erred in admitting the confession of appellant because it was not shown to be voluntary and that the appellant was not advised of his rights under the *Miranda* rule, nor did he have a clear understanding of the waiver set out as part of the State's exhibit, No. 4.

We are in full agreement with the authorities cited in appellant's brief which sustain the proposition that "extra-judicial confessions are presumed to be involuntary and, therefore, are prima facie inadmissible with the onus resting on the prosecution to repel imputation of undue influence, and such confessions must be excluded unless it is shown by clear and full proof that the confession was voluntarily made." Wal-

lace v. State, 290 Ala. 201, 275 So.2d 634; Womack v. State, 281 Ala. 499, 205 So.2d 579; Bush v. State, 282 Ala. 134, 209 So. 2d 416.

The well-known rule set out in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, together with the "totality of the circumstances" rule set out in Boulden v. Holman, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433, and Womack v. Alabama, supra, are also cited in appellant's brief.

As we understand the evidence, no violation of the principles of law, as set out above, are made to appear.

■ Detective Causey testified that on January 17, 1972, he interviewed appellant who was confined in the Montgomery jail and who was a suspect in the instant case. He further testified that before receiving a statement from the appellant that nothing was done by him or anyone in his presence to coerce, force, intimidate, or threaten the appellant and no promises were made to get him to talk about the case. State's exhibit, No. 4, which was a statement of the Miranda rights, together with a waiver signed by appellant and witnessed by Causey, was introduced by the State and the witness testified that the different rights enumerated in exhibit No. 4 were read to the defendant and the statement made by appellant that he understood them when the waiver was signed. Nothing appears in the testimony to indicate any happening or any event contrawise to the testimony of Detective Causey along this line on voir dire out of the presence of the jury or when the testimony was presented to the jury.

On cross-examination of this witness the appellant attempted to prove that at the time the confession was made, he was drunk or intoxicated to the extent that he was unable to comprehend the meaning of his confession or the waiver signed by him, and that by reason of his intoxication there was an impairment of his will and mind to such an extent as to render the confession inadmissible. However, there is no testimony to support this contention and there was an abundance of testimony that the appellant was sober and not under the influence of intoxicants.

We find no error in the action of the court in overruling appellant's objection to the introduction of the confession of the appellant along with the waiver of his rights appearing in State exhibit No. 4.

The State offered the testimony of three witnesses: Marion R. Blake, Sr., the owner of three television sets alleged to have been taken from his home in a burglary occurring in his home on January 16, 1972, and a subsequent identification of the televisions and he further testified that appellant had lived in his home for a short period before the burglary occurred, leaving some three weeks beforehand. He further testified that entrance had been gained into his home by pulling off the wire on a screen and prying open a window and opening the inside door by the handle. Second, the testimony of Al Saliba, a furniture dealer at Dothan, Alabama, who testified that he bought the television sets, the subject of the burglary, on January 16 at Dothan, from the appellant. Third, the testimony of Detective Causey who recovered the television sets at Dothan and later questioned the appellant, under the circumstances above set out, when the confession was obtained.

The appellant offered the testimony of his ex-wife, Mrs. Vester Beatrice Rabion, who testified that she was separated from the appellant and that he habitually went on periodic drunks which at times would last several weeks. She had seen him on January 6, 1972, but had not seen him nor known anything about his action after that time.

This was all of the testimony offered by the appellant, who did not testify himself.

The basic elements of burglary in the second degree are: (1) breaking and (2) entering (3) with intent (to steal or to commit a felony). Livingston v. State, 44 Ala.App. 559, 216 So.2d 731.

Under the facts as developed by the State the guilt or innocence of the appellant was a matter for determination by the jury and there was no error on the part of the court in overruling the motion to exclude or refusing the affirmative charge (charge No. 1).

Defendant's requested refused charge No. 11 is as follows:

"The Court charges you that if you find from the evidence that Elvis Rabion was so under the influence of intoxicating liquor or drugs at the time of the offense that he was incapable of forming the required felonious intent to commit that offense, you must find him not guilty."

Refused charge No. 11 appears to be abstract under the evidence in this case. However, the court, in an abundance of caution, covered this principle very clearly in its oral charge, and therefore, its refusal was without error. T. 7, § 273, Code of Alabama, 1940, Recompiled 1958.

We have carefully considered the record in this cause and find no error injurious to the substantial rights of appellant. The case is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.