TAYLOR, Presiding Judge.
The appellant, Randall Ray Pokrzywin-ski, was convicted of the murder of Vernon Edwards during a robbery in the first degree, a capital offense as defined by § 13A-5-40(a)(2), Code of Alabama 1975. He was sentenced to life imprisonment without parole.
The state’s evidence tended to show that on June 14, 1987, Vernon Edwards was found dead in his trailer. He had been shot in the neck with a shotgun.
At trial, Tammy Foust testified that on June 13, 1987, she went to Edwards’s trailer with her daughter. Edwards asked her to stay and eat with him and a couple of friends. Foust agreed, and then left to take her daughter to a babysitter. Upon returning, she and Edwards began drinking beer and “snorting cocaine.” Later, Foust went into Edwards’s trailer and Edwards followed her. He started “jerking her pants down.” Foust managed to get away and then went looking for a friend, Tim Byrd. After finding Byrd and Tammy Austin, they all went to Austin’s trailer. Foust then related what had happened at Edwards’s trailer.
Tammy Austin lived with appellant Pok-ryzwinski, David Dean Walker, and Diana Jones. When they arrived at their trailer, they all started to drink and “do drugs.” Foust overheard the appellant and Walker taking about murdering Edwards. Foust then heard Walker ask Austin, “Baby, where’s my sawed-off?”
Appellant, Walker, and Mike Worley left their trailer, saying that they were going to kill Edwards. Byrd, Austin, and Foust followed them and saw appellant and Walker drive up and park outside Edwards’s trailer. Byrd then went back to Walker’s trailer. Byrd testified that Walker came back in the trailer saying, “He’s wasted, he’s wasted.” Walker also threatened everyone present, saying that if they told he would kill them. The next day Byrd and Foust related what had happened to Sergeant Franklin of the Madison County Sheriff’s Department.
A statement made by appellant and read into evidence at trial stated that he and Walker went over to Edwards’s because he had been sexually harassing Tammy Austin, Tammy Foust, and Diana Jones. He said that when he and Walker arrived at Edwards’s trailer, Walker went up to the door and seconds later came back to get the appellant, who was waiting in the car. They both went into the trailer and waited for Edwards to return from the bathroom. Appellant proceeded to put the shotgun he was carrying in Edwards’s face. Walker told Edwards that he wanted all of his money. Edwards gave them two $100 bills. After this, Walker repeatedly told appellant to shoot Edwards, which he proceeded to do. The two men then left the trailer and threw the shotgun in the Flint River. Appellant raises three issues.
I
Appellant argues that the trial court erroneously received his confession into evidence. “Before an accused’s confession can be received into evidence against him, both voluntariness and a Miranda predicate must be shown.” Whitlow v. State, 509 So.2d 252, 254 (Ala.Cr.App.1987). In *1174 the present case, Sergeant Franklin and Investigator Widener testified that the appellant was apprised of his Miranda rights. Also, appellant was not promised anything or threatened in any way to induce him to make a statement. The record clearly shows that the appellant was read his Miranda rights. Now, we must look to the voluntariness of his statement.
“ ‘A confession is presumed to be involuntary. Before its admission into evidence there must be evidence addressed to the trial judge sufficient to rebut that presumption and a showing that the confession was made without influence of either hope or of fear, unless the attending circumstances affirmatively disclose the voluntariness of the confession. Wallace v. State, 290 Ala. 201, 275 So.2d 634 (1973); Bush v. State, 282 Ala. 134, 209 So.2d 416 (1968). In order to be admissible a confession must be free and voluntary and cannot be the result of any direct or implied promises, however slight. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964); Shotwell Mfg. Co. v. United States, 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357 (1963); Bell v. Alabama, 5 Cir., 367 F.2d 243, cert. denied, 386 U.S. 916, 87 S.Ct. 859, 17 L.Ed.2d 788 (1966); Wallace, supra. The question of whether a confession was obtained by coercion or improper inducement can be determined only by examination of all the attendant circumstances. Boulden v. Holman, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433 (1969); Wallace, supra. Each case must stand or fall on its own merits for the constitutional inquiry into the issue of voluntariness requires more than'a mere ‘color-matching of cases.’ Beecher v. Alabama, 389 U.S. 35, 88 S.Ct. 189, 191, 19 L.Ed.2d 35 (1967). The true test of determining whether extrajudicial confessions are voluntary is whether the defendant’s will was overborne at the time he confessed and therefore not the product of a rational intellect and a free will. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Elliott v. State, 338 So.2d 483 (Ala.Cr.App.1976).’ Eakes v. State, 387 So.2d 855, 858-59 (Ala.Cr.App.1978). (Emphasis added).”
Mitchell v. State, 508 So.2d 1196, 1198 (Ala.Cr.App.1986).
Appellant states that he was under the influence of drugs at the time he made the statement. “In order for intoxication to render a confession inadmissible, it must be shown that the mind would have been impaired substantially.” Palmer v. State, 401 So.2d 266, 268 (Ala.Cr.App.), writ denied, 401 So.2d 270 (Ala.1981), cert. denied, 455 U.S. 922, 102 S.Ct. 1280, 71 L.Ed.2d 463 (1982). “The degree of intoxication which would affect the voluntariness of a statement is a question of fact initially addressed to the trial court and depending upon its ruling, then to the jury for its consideration.” Tice v. State, 386 So.2d 1180, 1185 (Ala.Cr.App.), writ denied, 386 So.2d 1187 (Ala.1980).
The trial court heard the testimony of Sergeant Franklin, who took appellant’s statement. Sgt. Franklin stated that Po-krzywinski appeared to be sober. Also, Sergeant Franklin had ample time to view the appellant. Before giving his statement, appellant told the sergeant about his background. Then, when Sgt. Franklin was taking his statement, he wrote down each sentence and read it back to the appellant. During the whole encounter the appellant appeared to be nervous, but otherwise unimpaired. Investigator Widener also testified to these facts.
At trial, appellant stated that he had taken between 15 and 20 Valium tablets some 20 minutes before talking with the police. He maintained that he had no recollection whatsoever of making a statement to law enforcement officials.
The judge heard all the evidence and chose to believe the law enforcement officers’ version. The trial judge’s ruling is supported by the evidence. “Voluntariness of an alleged confession is a question for the trial court and a trial judge’s decision as to the voluntariness of a statement will not be disturbed on appeal unless the decision is contrary to the great weight of the evidence and manifestly wrong.” Whitlow v. State, supra, 509 So.2d at 255.
The trial court committed no error in this instance.
*1175 II
Appellant further argues that the trial court erred in refusing to recharge the jury on intoxication after the jury requested a further explanation of intent. The jury’s query: “Please clarify intent as to time frame, in regards to robbery and murder in spur of the moment intent.” The judge reinstructed the jury and several times cautioned the jury not to isolate this part of the instruction, but to take the instructions as a whole, not regarding one as more important than any other. When the trial court finished, counsel for appellant objected, stating that the trial court should also have reinstructed the jury on the issue of voluntary intoxication necessary to negate intent. The trial court stated: “I will deny that in that the question was a timing of intent and not quality of intent. If they wanted to know about the nature of intent, I would have included a charge on intoxication; but since I believe I have covered it in the initial charge, I will not charge further.”
As this court stated in Brannon v. State, 549 So.2d 532 (Ala.Cr.App.1989): “When a jury requests additional instructions the recommended practice is for the trial court to remain within the area of the specific request in making his response [citation omitted]. A trial judge is not required to repeat any other part of his oral charge when answering a specific inquiry from the jury.” Thus, the trial court committed no error in this instance.
III
Appellant contends that the evidence was insufficient to convict him of murder during a robbery in the first degree. Appellant argues that the evidence was insufficient, because, he says, he did not intend to rob Edwards. A statement made by appellant was read into evidence which stated that he and Walker went to Edwards’s trailer armed with a shotgun. Appellant stated that his co-defendant Walker said, “I want all your money and I want everything you’ve got.” His statement continued, “[Edwards] gave [Walker] two one-hundred dollar bills not to shoot but [Walker] told me to shoot him and kept on telling me to shoot.” Appellant then pulled the trigger and shot him.
Section 13A-2-23, Code of Alabama 1975, states;
“A person is legally accountable for the behavior of another constituting a criminal offense if, with the intent to promote or assist the commission of the offense:
“(1) He procures, induces or causes such other person to commit the offense; or
“(2) He aids or abets such other person in committing the offense; or
“(3) Having a legal duty to prevent the commission of the offense, he fails to make an effort he is legally required to make.”
“It is well established that a person present, aiding and abetting another in the commission of [a ■ crime], is guilty as a principal and punishable equally with the perpetrator of the crime.” Hammond v. State, 497 So.2d 558 (Ala.Cr.App.1986).
There was more than sufficient evidence in this case to find the appellant guilty of murder during a robbery in the first degree.
AFFIRMED.
All the Judges concur.