TAYLOR, Judge.
The appellant, Cedric Bernard Fells, was convicted of burglary in the third degree. He was sentenced to 10 years in prison.
I
The appellant contends that there was insufficient evidence to convict him of the crime charged. The state’s evidence tended to show that on the morning of May 18, 1990, police were called to the home of Roderick Williams. Officer Suzanne Orange of the Birmingham Police Department, stated that when she arrived at the residence she saw broken glass near the front door, where a window pane had been shattered. Officer Orange also heard noises coming from inside the house. The appellant was discovered, only partially clothed, hiding under a bed. Two other people were in the house who did not live there. The owner of the house told police that the individuals did not have permission to be in the house and that an air conditioner, a couch, a dresser, and a mirror were missing. The appellant was arrested and taken to the police station where he later confessed to the crime. The appellant gave the following statement to police:
“I went over to Ensley after I got paid and I met Jo Ann Smith. She told me if I bought her some crack cocaine she would give me some sex for it. I spent all my money on drugs and we ended up in Roderick’s house with Jo Ann and some other people. Jo Ann went in Roderick’s through the front door because it’s [sic] unlocked. Jo Ann said Roderick’s moving and he’s going to sell all this stuff. Me and Jo Ann and another girl took a sofa, an air conditioner, a little chair and mirror down to the crack house and sold it to the dope man for drugs. They call the dope man Red. The girl that helped us is named Diane Young and they call her Tish.”
A person commits the crime of burglary in the third degree if, “he knowingly enters or remains unlawfully in a building with intent to commit a crime therein.” Section 13A-7-7, Code of Alabama 1975. The evidence was sufficient to present the question of the appellant’s guilt to the jury for their determination. “We will not substitute our judgment for that of the jury.” Neal v. State, 460 So.2d 257, 260 (Ala.Cr.App.1984).
II
The appellant next argues that the trial court erred in permitting a statement he made to the police to be received into evidence. The appellant contends that he *1063 was intoxicated at the time he made the statement and that he was therefore unable to validly waive his Miranda[1] rights. He contends that he was coerced to make the statement because officers told him that he would not be permitted to make bond if he did not talk.
Before an accused’s confession can be received into evidence against him, both voluntariness and a Miranda predicate must be shown. Carpenter v. State, 581 So.2d 1277 (Ala.Cr.App.1991); Whitlow v. State, 509 So.2d 252 (Ala.Cr.App.1987). As this court stated in Mitchell v. State, 508 So.2d 1196 (Ala.Cr.App.1986):
“ ‘A confession is presumed to be involuntary. Before its admission into evidence there must be evidence addressed to the trial judge sufficient to rebut that presumption and a showing that the confession was made without influence of either hope or fear, unless the attending circumstances affirmatively disclose the voluntariness of the confession. Wallace v. State, 290 Ala. 201, 275 So.2d 634 (1973); Bush v. State, 282 Ala. 134, 209 So.2d 416 (1968). In order to be admissible a confession must be free and voluntary and cannot be the result of any direct or implied promises, however slight. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964); Shotwell Mfg. Co. v. United States, 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357 (1963); Bell v. Alabama, 5 Cir., 367 F.2d 243, cert. denied, 386 U.S. 916, 87 S.Ct. 859, 17 L.Ed.2d 788 (1966); Wallace, supra. The question of whether a confession was obtained by coercion or improper inducement can be determined only by examination of all the attendant circumstances. Boulden v. Holman, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433 (1969); Wallace, supra. Each case must stand or fall on its own merits for the constitutional inquiry into the issue of voluntariness requires more than a mere “color-matching of cases.” Beecher v. Alabama, 389 U.S. 35, 88 S.Ct. 189, 191, 19 L.Ed.2d 35 (1967). The true test of determining whether extrajudicial confessions are voluntary is whether the defendant’s will was overborne at the time he confessed and therefore not the product of a rational intellect and a free will. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Elliott v. State, 338 So.2d 483 (Ala.Cr.App.1976).’
“Eakes v. State, 387 So.2d 855, 858-59 (Ala.Cr.App.1978).”
Mitchell, 508 So.2d at 1198. (Emphasis in Eakes.)
Detective Steven Corvin, of the Birmingham Police Department, testified that the appellant made a statement to him concerning the burglary. Corvin stated that he read the appellant his Miranda rights and that he read the appellant a waiver of rights form, which the appellant signed in Corvin’s presence. He further stated that he did not smell alcohol on the appellant’s breath but that the appellant’s eyes appeared bloodshot. Officer Corvin denied that he told the appellant that he would not be able to make bond if he did not confess. The arresting officer testified that when she arrested the appellant, he did smell of alcohol but that he did not appear to be drunk. The appellant testified at the hearing that he had been drinking and taking drugs all night. The appellant further stated that Officer Corvin coerced him into making the statement by telling him he would not be able to make bond.
“ ‘[I]n order for intoxication to render a confession inadmissible, it must be shown that the mind of the defendant was substantially impaired when the confession was made.’ (citations omitted) ... the fact that the defendant was intoxicated at the time he confessed is simply one factor to be considered when reviewing the totality of the circumstances surrounding the confession.”
Carr, 545 So.2d at 825.
The evidence presented at the suppression hearing was conflicting. When evidence as to voluntariness is conflicting, a *1064 fact question is presented which must be decided by the court. We do not disturb a court’s decision unless it is “palpably contrary” to the evidence. Dixon v. State, 588 So.2d 903 (Ala.1991), Carr v. State, 545 So.2d 820 (Ala.Cr.App.1989). The ruling of the trial court in this case is supported by the evidence.
III
Last, the appellant argues that the trial court erred in failing to give two of his requested jury instructions. The instructions involved reasonable doubt and the weight to be given to the testimony of the appellant. It appears from the transcript that these concepts were sufficiently covered in the court’s oral charge. No error occurred here. As this court stated in Stout v. State, 547 So.2d 894 (Ala.Cr.App.1988), aff’d, 547 So.2d 901 (Ala.1989):
“Requested jury charges must be considered in the light of, or in connection with, all other charges given by the trial court. Page v. State, 487 So.2d 999, 1008 (Ala.Cr.App.1986). The trial court’s refusal to give written requested charges does not constitute error when the charges are covered in the trial court’s oral charge, are confusing or misleading, are inapplicable or abstract, or are an incorrect statement of applicable law.”
Stout, 547 So.2d at 896.
The appellant also argues that the trial court’s instruction on reasonable doubt violated the recent United States Supreme Court decision in Cage v. Louisiana, 498 U.S. —, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). The appellant’s main disagreement is with the court’s use of the term “moral certainty.” As the Supreme Court recently stated:
“In Cage, the jury was instructed that a reasonable doubt ‘must be a doubt as would give rise to a grave uncertainty ...’ Id. at -, 111 S.Ct. at 329. Because the instructions to the jury in this case did not contain this improper language, the question whether Cage announced a new rule is not actually presented here.”
Gaskins v. McKeller, — U.S. —, 111 S.Ct. 2277, 114 L.Ed.2d 728 (1991). See also Ex parte White, 587 So.2d 1236 (Ala.1991).
The court in the instant case did not use the language that the United States Supreme Court found to be offensive in Cage. No error occurred here.
For the foregoing reasons, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).