I concur in the holding in Part III of the majority opinion, but I must respectfully dissent from the holding in Parts I and II of the majority opinion.
In Part I of its opinion, the majority states that the appellant's confession was not voluntarily made because his confession was the result of a promise made by a police officer. During the hearing on the motion to suppress the appellant's confession, the following occurred:
 "Q. Did you tell him that if he cooperated, that — that you couldn't promise him anything; that the only thing you could do would be to relay that information that he cooperated to the District Attorney?
"A. Yes, sir. I probably told him that."
(R. 2) (emphasis added). In its opinion, the majority, citingEx parte Weeks, 531 So.2d 643 (Ala. 1988), erroneously concludes that the representation made by the officer in the above colloquy "is a promise of reward or hope of reward which renders the confession involuntary." This case is clearly distinguishable from Weeks. In Weeks, although the officer told the defendant that if he cooperated the officer would make his cooperation known to the district attorney, the case turned on the fact that the arresting officer admitted that he offered to " 'give something favorable to him if [Weeks] would help,' just prior to eliciting the inculpatory statement." Weeks,531 So.2d at 644 (emphasis added). In the case at bar, I believe that the officer made no promises to the appellant and that he did not offer anything favorable to the appellant. Further, the appellant's statement appears to have been made some two hours after the officer made his comment.
The facts of this case are more akin to those of Wallace v.State, 290 Ala. 201, 275 So.2d 634 (1973), which was discussed with approval in Ex parte Matthews, 601 So.2d 52 (Ala. 1992),cert. denied, ___ U.S. ___, 112 S.Ct. 2996, 120 L.Ed.2d 872
(Ala. 1992).
 "In Wallace, an officer promised the defendant that if he told the truth the officer would discuss his cooperation with the probation officer. This Court found that this statement alone was not enough to render the defendant's statement involuntary. 'The statement was neither an express nor implied promise of reward if appellant admitted his guilt . . . [The officer's] remarks were no stronger than to convey the idea to appellant that *Page 81 
it would be best or better to tell the truth if he made a statement.' Wallace, 290 Ala. at 206, 275 So.2d at 638."
Matthews, 601 So.2d at 54.
The facts here appear to be identical to those inWallace but for the fact that the police officer would inform the district attorney of the appellant's cooperation in this case rather than the probation officer, as was the case inWallace. However, an examination of the record reveals that there is another distinction between this case and Wallace. In this case, the appellant's "cooperation" apparently refers to the appellant's assisting the police in other drug investigations rather than to his cooperation in making his statement. The record indicates that the officer was telling the appellant that if he helped the police in other drug investigations, the officer would inform the district attorney of his cooperation in those investigations. This is certainly a permissible and desirable police practice. Thus, it appears that the officer's statement had nothing to do with inducing the appellant's statement.
I believe that Wallace delineates the bright line between what is and what is not acceptable police conduct. A statement made by a police officer that if a defendant cooperates his cooperation will be passed on to others is permissible and does not constitute coercion.
 "A statement made by a law enforcement agent to an accused that the accused's cooperation would be passed on to judicial authorities and would probably be helpful to him is not sufficient inducement so as to render a subsequent incriminating statement involuntary. United States v. Ballard, 586 F.2d 1060, 1063 (5th Cir. 1978); see Martinez [v. Estelle], 612 F.2d [173] at 180 [(5th Cir. 1980]) [United States v.] Hernandez, 574 F.2d 1362, 1370 n. 14 (5th Cir. 1978), [United States v.] Robertson 582 F.2d 1356 at 1361-63 and n. 14 [(5th Cir. 1978)]. Likewise, a 'truthful and non-coercive statement of the possible penalties which an accused faces' may be given to the accused without leading to an involuntary statement. Ballard, 586 F.2d at 1063."
United States v. Davidson, 768 F.2d 1266, 1271 (11th Cir. 1985). However, if the defendant is promised anything, threatened with anything, or offered anything favorable, the line has been crossed. See Matthews, 601 So.2d at 52 ("[Y]ou might get boot camp"; "We might cut you a deal"; "I can go back and tell the district attorney, Corey Matthews cooperated with me or I cango back and tell the district attorney that Corey Matthews didnot cooperate with me"); [emphasis added]; Holmes v. State,598 So.2d 24 (Ala.Crim.App. 1992) (officer promised the defendant that several charges against him would be dropped if he confessed); Hamlet v. State, 574 So.2d 951
(Ala.Crim.App. 1990) (if the defendant cooperated, the police would make a "recommendation"). Clearly, this case does not cross the line established in Wallace.
 " 'Generally, the line to be drawn between permissible police conduct and conduct deemed to induce or to tend to induce an involuntary statement does not depend upon the bare language of inducement but rather upon the nature of the benefit to be derived by a defendant if he speaks the truth, as represented by the police.
" '. . . .
 " '. . . [T]he cases indicate that government agents may validly make some representations to defendant or may discuss cooperation without rendering the resulting confession involuntary. Thus, government agents may initiate conversation on cooperation, and may promise to make defendant's cooperation known to the prosecutor or the court, so long as the interrogators make it clear that they have no power to grant immunity or confer other benefits. . . .' "
Jackson v. State, 562 So.2d 1373, 1383 (Ala.Crim.App. 1990) (quoting 23 C.J.S. Criminal Law § 907 (1989)). Here, the officer's statement was not an improper inducement or a promise and, further, the appellant's statement was not affected by the officer's offer to tell the district attorney that the appellant cooperated with the police in other *Page 82 
drug investigations. The trial court's determination of the voluntariness of the appellant's statement was not "manifestly contrary to the great weight of the evidence." Malone v. State,452 So.2d 1386 (Ala.Crim.App. 1984).
I also dissent from that part of the majority's opinion holding that the tape recording of the drug transaction was inadmissible. The following portion of the record is relevant to this issue:
 "Q. [Prosecutor] All right, sir. And I believe your attorney has asked you once or twice if you wanted the tapes played; is that basically correct?
"A. [Defendant] Yes, sir.
 "Q. Both the telephone conversation and the tape that was made from the transmission in the apartment; is that correct?
"A. Yes, sir.
 "Q. Sir, if your attorney has the tape player, we have got the tape here.
 "MR. DASINGER [Defense counsel]: No proper foundation, Your Honor.
"THE WITNESS: Sir?
 "MR. SLADE: Do I understand that counsel for Defendant is now objecting to the tape, Your Honor?
"THE COURT: Approach.
"(Off-the-record discussion).
 "THE COURT: We will take a brief recess while we get the tape recorder set up. Take about eighteen minutes because they've got to fiddle with that tape recorder.
"(Recess held).
"(Jury in).
 "THE COURT: All right, ladies and gentlemen, you have heard something about a tape. You will now hear the tape.
"(Whereupon, the tape was played).
"THE COURT: Is that as loud as that will go?
"MR. DASINGER: (Attorney nods head).
 "(Whereupon, the playing of the tape was concluded).
 "MR. SLADE: Your Honor, ask this be marked as State's four and admitted.
"THE COURT: Admit it.
 "(State's exhibit four admitted)." (R. 265-266)
On examination by defense counsel, the appellant said that he would like the tape played and, again, on examination from the prosecution, he stated that he wanted the tape played. After objection from defense counsel because of a lack of a proper predicate, an off-the-record discussion was held, after which, the tape was played. There was no adverse ruling by the court and defense counsel never stated after the off-the-record discussion that he continued to object to the tape being played on the basis that a proper predicate was not established.Jefferson v. State, 449 So.2d 1280 (Ala.Crim.App. 1984).Jackson v. State, 582 So.2d 598 (Ala.Crim.App. 1991). For all we know, defense counsel could have consented to the playing of the tape without the State's laying a proper predicate and is now using this ground for appeal. There was no adverse ruling on the objection, and the record clearly shows that it was the appellant who wanted the tape played.
For the reasons discussed above, I must dissent from Parts I and II of the majority opinion.