TYSON, Judge.
Randall Ray Pokrzywinski was tried and convicted of the murder of Vernon Edwards during a robbery in the first degree, was found guilty and was sentenced to life imprisonment without parole. This cause was then appealed to this court where the same was affirmed in an opinion reported as Pokrzywinski v. State, 551 So.2d 1172 (Ala.Crim.App.1989). The opinion was authored by then Presiding Judge Sam Taylor. The Supreme Court of Alabama denied certiorari without opinion.
*881 Pokrzywinski then filed a petition seeking post-conviction relief pursuant to the provisions of Rule 20, A.R.Crim.P.Temp.
In the petition filed in circuit court, appellant asserted that the evidence at trial was not sufficient to convict him. He next asserted that the trial court failed to charge the jury on the subject of intoxication, and that his original confession or statement should have been suppressed.
The trial court found that all three of these matters were matters which were raised on original direct appeal and that relief, therefore, was precluded as asserted by the State, pursuant to the provisions of Rule 20.2(a)(4), as matters having been raised and adjudicated on original direct appeal.
The appellant also asserted that Bruno Procopio, an investigator for the Madison County District Attorney’s office, spoke with a juror during the trial itself. The trial court determined that this matter had been raised at the original trial and referred to record pages 141-43. This matter was not raised on original appeal. The trial court determined that, pursuant to the provisions of Rule 20.2(a)(2), as a matter which was raised at trial but not raised on appeal and should have been, the same was therefore barred.
Finally, the appellant asserted that the mother of the victim talked with two female jurors in the restroom during a court recess. The trial court found that the petitioner failed to meet his burden of proof at the hearing on the Rule 20 petition on this ground. The trial judge found that the victim’s mother, Mrs. Aliene Edwards, in fact, did not talk to any members of the trial jury.
The trial court then entered its order which is dated December 13, 1990, and denied relief.
This court is of the opinion that the order and judgment of the trial court is due to be, and the same is hereby, affirmed. As to the first three issues raised which were asserted on original appeal and affirmed, these are barred as being matters which were previously heard and determined to be without merit. The same is true with reference to the investigator, Procopio, as this matter should have been asserted on original direct appeal as pointed out in the trial court’s order.
For the foregoing reasons, each of these four grounds are procedurally barred, pursuant to the opinion of the United States Supreme Court in Harris v. Reed, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).
As to the final issues with reference to the allegation that the mother of the victim talked with two female jurors in the restroom during a court recess, this matter is utterly without merit as determined by the trial court.
AFFIRMED.
All the Judges concur.