Petitioner, Ronald Weeks, was convicted of receiving stolen property and was sentenced to five years in the penitentiary. The Court of Criminal Appeals affirmed this judgment, without opinion, 511 So.2d 280. Weeks filed a petition for certiorari, including a motion stating the facts pursuant to A.R.A.P., Rule 39 (k).
On February 28, 1985, Investigator Lance Monley and Officer Jones of the Baldwin County Sheriff's Department, and Chief Joe Hall of the Daphne Police Department, went to Ronald Weeks's home to execute a search warrant. During the course of the search Monley uncovered a small amount of marijuana and a Smith Wesson stainless steel .38 revolver. The serial number had been ground off the gun and Monley suspected that it had been stolen.
Monley accompanied Weeks to the front of Weeks's house trailer and read the Miranda rights warning to him while Officer Jones accompanied the children in Weeks's living room. Monley told Weeks that he was not under arrest but that he wanted to ask him some questions about *Page 644 
the gun. According to Monley's testimony, Weeks was willing to talk about how he acquired the gun and waived his right to remain silent and to have an attorney present during questioning. Monley told Weeks that "[He] wanted his cooperation in this matter" and that if he confessed to his part in the burglary "He [Monley] would make it known to the district attorney."
After Monley read the Miranda card and encouraged Weeks's cooperation, Weeks explained how he had acquired the gun. He told Monley that he had not stolen it but had purchased it from a friend. He said he knew when he bought the gun that the serial number had been ground off. After this discussion Monley encouraged Weeks to make a written statement regarding the alleged burglary in which the gun was stolen, and again promised to contact the district attorney on his behalf if Weeks could provide such information. On cross-examination the defense attorney posed the following to Officer Monley: "So, you, in essence, said that you would go ahead and give something favorable to him if he would help you . . ., did you not?" Monley responded, "Yes. I told him that I would speak to the district attorney."
The issue is whether this inducement negated the voluntariness of the inculpatory statement. As this Court said in Guenther v. State, 282 Ala. 620, 623, 213 So.2d 679, 681
(1968), cert. denied, 393 U.S. 1107, 89 S.Ct. 916,21 L.Ed.2d 803 (1969):
 "The true test of voluntariness of extra-judicial confessions is whether, under all the surrounding circumstances, they have been induced by a threat or a promise, express or implied, operating to produce in the mind of the prisoner apprehension of harm or hope of favor; and if so, whether true or false, such confessions must be excluded from the consideration of the jury as having been procured by undue influence."
Citing Womack v. State, 281 Ala. 499, 205 So.2d 579 (1967).
Womack was a murder case in which the defendant was told it would "go lighter" on him if he talked. 281 Ala. at 506,205 So.2d at 585. In reversing his conviction, this Court held that the sheriff's inducement gave the defendant a "real hope for lighter punishment" and therefore made his admission involuntary. See also, Edwardson v. State, 255 Ala. 246,51 So.2d 233 (1951); Kelly v. State, 72 Ala. 244 (1882); Redd v.State, 69 Ala. 255 (1881). As this Court said in Womack:
 "Any words spoken in the hearing of the prisoner which may, in their nature, generate such fear or hope render it not only proper but necessary that confessions made within a reasonable time afterwards shall be excluded, unless it is shown by clear and full proof that the confession was voluntarily made after all trace of hope or fear had been fully withdrawn or explained away and the mind of the prisoner made as free from bias and intimidation as if no attempt had ever been made to obtain such confessions."
Citing Owen v. State, 78 Ala. 425, 428 (1885). See also, Exparte Callahan, 471 So.2d 463, 464 (Ala. 1985) ("Extrajudicial confessions are prima facie involuntary and inadmissible, and the burden is on the State to prove that the confession was made voluntarily"); Magwood v. State, 494 So.2d 124, 135
(Ala.Cr.App. 1985), aff'd, 494 So.2d 154 (Ala.), cert. denied,479 U.S. 995, 107 S.Ct. 599, 93 L.Ed.2d 599 (1986) ("the State must show voluntariness and a Miranda predicate in order to admit it"); Malone v. State, 452 So.2d 1386, 1389 (Ala.Cr.App. 1984); Cole v. State, 443 So.2d 1386 (Ala.Cr.App. 1983).
In the present case the arresting officer admitted that he offered to "give something favorable to him if he [Weeks] would help," just prior to eliciting the inculpatory statement. Where a suspect is subjected to custodial questioning regarding alleged criminal activity, such an express promise would necessarily engender a hope of favor in the suspect's mind. Because the statement was not voluntarily given, it should have been excluded from the consideration of the jury.
It is also apparent from the record that the State did not sustain its burden of proof of voluntariness in regard *Page 645 
to Officer Jones or Chief Hall. The burden is on the State to show proper predicates for the admission of an extra-judicial inculpatory statement, specifically, here, a lack of coercion or inducements. It is necessary for the State to show that neither Monley, Jones, nor Hall offered any inducement or coercion in soliciting the statement. Although Monley's admission to offering an inducement for the statement is sufficient to exclude it, the fact that the State did not offer proof that neither Hall nor Jones offered any inducement or coercion is likewise grounds for excluding it for lack of voluntariness. Because all extra-judicial confessions are primafacie involuntary, the State has the burden of proving voluntariness. Ex parte Callahan, supra; Magwood v. State,supra. Unless the trial judge's conclusion that the inculpatory statement was voluntary and admissible is supported by evidence, it will not be upheld. Malone v. State,452 So.2d 1386 (Ala.Cr.App. 1984).
Under the authorities cited above, this judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, SHORES, BEATTY and ADAMS, JJ., concur.