PATTERSON, Presiding Judge.
The appellant, David Michael Carden, was convicted of capital murder, in violation of § 13A-5-40(a)(2), Code of Alabama 1975, and was sentenced to life imprisonment without parole. He raises seven issues; however, because we reverse, we need address only the issue of whether his statements were properly admitted into evidence.
The appellant contends that the trial court erred in admitting his statements because they were the product of coercion by the sheriff. The facts relevant to this issue are as follows: The appellant arrived at his mother’s house while law enforcement officers were searching her house, pursuant to a warrant for a pistol taken from the victim’s house. The appellant was subsequently placed under arrest, was advised of his rights pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and was transported to the county jail by Sheriff Roy C. Snead, Jr., and Deputy M.L. Kirby. Upon arrival at the jail, he was taken to an interrogation room by Kirby and was again advised on his Miranda rights. Kirby explained the waiver of rights form to the appellant and asked him if he wanted to make a statement. The appellant refused and requested an attorney. When Kirby began to *505 write “refused” on the waiver form, the appellant stopped him and said that he wanted to sign the waiver and make a statement. Immediately after the waiver was signed, Sheriff Snead asked the appellant the whereabouts of the pistol and told the appellant, in substance, as follows:
“You know we have a search warrant for your mother’s place.... You know you might as well tell me where the weapon is because if you don’t we’re going to go back out and take that place apart until we find the weapon.... Why put your mother through more embarrassment and stuff like it is because we’ll be there until we find it. We know it’s in that house.”
The appellant then told the sheriff where the pistol was located, and the sheriff left to retrieve the pistol. The appellant then gave Kirby a statement confessing to killing the victim.
Upon these facts, the appellant contends that the sheriff’s statement coerced him into revealing the location of the pistol, because he was afraid his mother’s house would be ransacked. We begin with the proposition that “all extra-judicial confessions are prima facie involuntary, [and] the State has the burden of proving volun-tariness,” Ex parte Weeks, 531 So.2d 643, 645 (Ala.1988).
“In determining the voluntariness of a confession, the court must examine all of the attendant circumstances. Agee v. State, 465 So.2d 1196 (Ala.Cr.App.1984). ‘The true test of determining whether extrajudicial confessions are voluntary is whether the defendant’s will was overborne at the time he confessed so that the confession was not the product of rational intellect and a free will.’ Thomas v. State, 531 So.2d 45, 47 (Ala.Cr.App.1988) (citations omitted).”
Baker v. State, 557 So.2d 851, 853 (Ala.Cr.App.1990). We find particularly pertinent the following:
“With regard to the voluntariness dimension, ‘[t]he test is whether the confession was “ ‘extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence.’ ” Bram v. United States, 168 U.S. 532, 542-543 [18 S.Ct. 183, 187, 42 L.Ed. 568] ... (1897); see Brady v. United States, [397 U.S. 742, 753, 90 S.Ct. 1463, 1471, 25 L.Ed.2d 747 ... (1970) ].’ Hutto v. Ross, 429 U.S. 28, 30 [97 S.Ct. 202, 203, 50 L.Ed.2d 194] ... (1976). The voluntariness of the confession, similar to the voluntariness of a consent, must be established by ‘clear and positive testimony.’ King v. State, 521 So.2d 1042, 1046 (Ala.Cr.App.1987), cert. denied, 521 So.2d 1050 (Ala.1988).”
Dixon v. State, 588 So.2d 891 (Ala.Cr.App.1990), rev’d, 588 So.2d 903 (Ala.1991).
We cannot say that the voluntariness of the appellant’s first statement was established by “clear and positive testimony.” To the contrary, the testimony of the sheriff shows that the appellant’s disclosure of the location of the weapon was the result of a “threat” or “improper influence” and was not the product of a “rational intellect” and a “free will.” Cf. Fortier v. State, 515 So.2d 101 (Ala.Cr.App.1987), cert. denied, 484 U.S. 1043, 108 S.Ct. 776, 98 L.Ed.2d 862 (1988). Moreover, the Alabama Supreme Court has held the following:
“Any words spoken in the hearing of the prisoner which may, in their nature, generate such fear or hope render it not only proper but necessary that confessions made within a reasonable time after-wards shall be excluded, unless it is shown by clear and full proof that the confession was voluntarily made after all trace of hope or fear had been fully withdrawn or explained away and the mind of the prisoner made as free from bias and intimidation as if no attempt had ever been made to obtain such confessions.”
Womack v. State, 281 Ala. 499, 507, 205 So.2d 579, 587 (Ala.1967). See also Ex parte Weeks, 531 So.2d 643 (Ala.1988). We cannot find that the appellant’s mind was free from fear.
Because we find this first statement to be involuntary, we must look to the following factors set forth in Brown v. *506 Illinois, 422 U.S. 590, 603-04, 95 S.Ct. 2254, 2261-62, 45 L.Ed.2d 416 (1975), to determine whether the appellant’s subsequent confession was sufficiently attenuated from that statement to have been properly admitted: (1) the time elapsed between the threat and the confession; (2) the presence of intervening circumstances; and (3) the purpose and flagrancy of the officer’s misconduct. Special Project, Twentieth Annual Review of Criminal Procedure: United States Supreme Court and Courts of Appeals 1989-1990, 79 Geo.L.Rev. 591, 736-37 (1991). Reviewing these factors, we find that the confession, like the appellant’s first statement, should have been excluded. It was given immediately after the appellant told the sheriff where the pistol was located; the prosecution presented no evidence of any intervening circumstance; and the sheriff’s conduct was obviously purposeful and flagrant. Thus, the trial court erred by admitting the appellant’s statements into evidence.[1]
The judgment of the circuit court is reversed, and this cause is remanded for á new trial.
REVERSED AND REMANDED.
All Judges concur.

. Because no objection was made specifically to the introduction of the pistol into evidence, no error occurred in its admission. See Moore v. State, 415 So.2d 1210 (Ala.Cr.App.), cert. denied, 459 U.S. 1041, 103 S.Ct. 459, 74 L.Ed.2d 610 (1982) (matters not objected to at trial cannot be considered for the first time on appeal).