The appellant, William R. Wyatt, was convicted of the unlawful distribution of a controlled substance, cocaine, a violation of § 13A-12-211, Code of Alabama 1975. He was sentenced to 20 years' imprisonment pursuant to the Habitual Felony Offender Act and was fined $5,000.
 I
The appellant first contends that the trial court erred in not suppressing his confession. He contends that his confession was not voluntary because, he says, it was obtained as the result of an inducement by the officer questioning him.
"Before an accused's confession can be received into evidence against him, both voluntariness and a Miranda[1] predicate must be shown." Henderson v. State, 583 So.2d 276, 295
(Ala.Cr.App. 1990), aff'd, 583 So.2d 305 (Ala. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1268, 117 L.Ed.2d 496 (1992). The appellant does not contend that his Miranda rights were not explained to him; only the voluntariness of his confession is at issue. "Because all extra-judicial confessions are prima facie involuntary, the State has the burden of proving voluntariness." Hamlet v. State, 574 So.2d 951, 953
(Ala.Cr.App. 1990).
The evidence tended to show that the appellant was arrested at the Gulf Shores Surf and Racquet Club in Baldwin County, Alabama. The arresting officer, Steve Stuart, testified at the suppression hearing that he informed the appellant of hisMiranda rights and that the appellant "voluntarily" made a statement. However, on cross-examination of Stuart, the appellant's attorney elicited the following:
 "Q: Did you tell him that if he cooperated, that — that you couldn't promise him anything; that the only thing you could do would be to relay that information that he cooperated to the District Attorney?
"A: Yes, sir. I probably told him that."
Here the circumstances are similar to those in Ex parteWeeks, 531 So.2d 643 (Ala. 1988), where an officer told a defendant that if he confessed, the officer would make his cooperation " 'known to the district attorney.' "531 So.2d at 644. The officer admitted that this offer to speak to the district attorney was an offer to " 'give something favorable to him if he would help.' " 531 So.2d at 644.
In Weeks, the Alabama Supreme Court held:
 "[W]here a suspect is subjected to custodial questioning regarding alleged criminal activity, such an express promise would necessarily engender a hope of favor in the suspect's mind. Because the statement was not voluntarily given, it should have been excluded from the consideration of the jury."
531 So.2d at 644.
Confessions that are the result of express or implied promises are not voluntary and must be excluded from the jury's consideration. Guenther v. State, 282 Ala. 620, 213 So.2d 679
(1968), cert. denied, 393 U.S. 1107, 89 S.Ct. 916,21 L.Ed.2d 803 (1969).
 " 'The types of promises which may make a defendant's statement involuntary are, e.g., promises of leniency, promises *Page 79 
to bring the defendant's cooperation to the attention of the prosecutor, the disclosure of incriminating evidence to the accused, and silence in response to the defendants offer to talk if his statement would not be used against him.' "
Siebert v. State, 555 So.2d 772, 777 (Ala.Cr.App. 1989), aff'd,555 So.2d 780 (Ala. 1989), cert. denied, 497 U.S. 1032,110 S.Ct. 3297, 111 L.Ed.2d 806 (1990), quoting Siebert v. State,562 So.2d 586, 592 (Ala.Cr.App. 1989), aff'd, 562 So.2d 600
(Ala.), cert. denied, 498 U.S. 963, 111 S.Ct. 398,112 L.Ed.2d 408 (1990) (emphasis in original). Here, Officer Stuart admits that he "probably" told the appellant that if he cooperated Stuart would so inform the district attorney. It is settled law that this implied promise of leniency is a promise of reward or hope of reward that renders the confession involuntary. The appellant's confession was coerced by the officer's promise to bring the appellant's cooperation to the attention of the prosecutor and was, therefore, not voluntary. The appellant's confession should have been suppressed.
The receipt of a coerced confession into evidence, however, is not always reversible error. The United States Supreme Court in Arizona v. Fulminante, 499 U.S. 279, 111 S.Ct. 1246,113 L.Ed.2d 302 (1991), held that the harmless error rule applied to coerced confessions. Thus, the admittance of the appellant's confession would not be reversible error if this court can find its admittance was "harmless beyond a reasonable doubt."
In addition to the confession, there was other strong direct evidence of the appellant's guilt. The drug transaction was tape-recorded and the state's informant testified to the transaction's having taken place. The tape recording should not have been received into evidence for the reasons discussed in part II of this opinion. The credibility of the informant was placed in issue when evidence of his prior convictions was received at trial. As is usually the case, the defendant's confession is the most incriminating evidence against him in his trial. We are not able to say, therefore, that the receipt of the appellant's coerced confession was "harmless beyond a reasonable doubt." Fulminante, supra. Receiving the appellant's confession into evidence constituted reversible error.
Although we must reverse the trial court's judgment because reversible error was committed in receiving the confession into evidence in this case, we will address other issues that may be presented to the trial court in future proceedings.
 II
The appellant contends that the trial court erred in receiving a tape recording into evidence because, he says, the state failed to lay a proper predicate. Before the state played the tape in court, the appellant objected on the grounds that "[n]o proper foundation" had been laid. After an off-the-record discussion, the state played the tape and the court received it into evidence.
As this court recently held in Jennings v. State,588 So.2d 540 (Ala.Cr.App. 1991), an objection that a proper foundation or predicate has not been made is specific enough to put the trial court on notice that counsel is challenging the prosecutor's procedure of presenting the evidence.
This court held in Molina v. State, 533 So.2d 701
(Ala.Cr.App. 1988), cert. denied, 489 U.S. 1086, 109 S.Ct. 1547,103 L.Ed.2d 851 (1989), that " 'sound tapes . . . are admissible when a witness testifies they are reliable representations of the subject sound.' " 533 So.2d at 712, quoting C. Scott, 3 Photographic Evidence § 1297 at 97 n. 42, 5 (2d ed. 1969) (1987 Pocket Part); see also Jackson v. State,582 So.2d 598 (Ala.Cr.App. 1991). In this case, no evidence was offered to show that the tape was an accurate recording of the drug transaction. The tape had been referred to by both the appellant and the state during the trial. However, when the appellant objected to the tape's being played, the court should have sustained his objection until the state presented evidence that the recording accurately represented the alleged drug transaction. The requirements of Molina were not satisfied here. Without a foundation for its receipt having been *Page 80 
established, the court erred in receiving the tape recording into evidence.
 III
The appellant also argues that the trial court erred in receiving into evidence a statement he made to the police several days after his arrest. He told the police that when they searched his house after his arrest, they failed to find cocaine that he had hidden under a rug. He added that he had flushed the cocaine down the toilet when he returned home after being released.
The appellant objected to this evidence at trial on the grounds that it was evidence of a crime not charged. The court overruled the objection and stated that the evidence "goes to availability and opportunity, motive." We do not consider that the statement was admissible for the reasons stated by the trial court. However, the statement would be admissible for purposes of impeachment. C. Gamble, McElroy's Alabama Evidence
§ 155.02 (4th ed. 1991). The appellant had testified that he did not have any cocaine at his house. Evidence may be received if admissible under any rule of evidence. The court should have given an instruction limiting the consideration of this evidence only to the impeachment of the appellant.
For the reasons stated in parts I and II of this opinion, the judgment must be, and it is hereby, reversed and the cause remanded to the Circuit Court for Baldwin County for a new trial or other proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur, except MONTIEL, J., who concurs in part and dissents in part with opinion.
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966).