The appellant, Anthony Dewayne Johnson, pleaded guilty to robbery in the third degree, a violation of § 13A-8-43, Code of Alabama 1975, and to forgery in the second degree, a violation of § 13A-9-3, Code of Alabama. He reserved the right to appeal. He was sentenced to 10 years in the penitentiary for the conviction for robbery in the third degree and to 2 years in the penitentiary for the conviction for forgery in the second degree, to be served concurrently with the 10-year sentence.
The appellant contends that the trial court erred in denying his motion to suppress a confession he made to the Cullman County Sheriff's Department. Specifically, he contends that the statement was made while he was in custody and that he was not given Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966), warnings and that, therefore, the statement was not voluntary. He specifically reserved his right to appeal this issue when he entered his guilty plea. Prim v. State,616 So.2d 381, 383 (Ala.Cr.App. 1993).
The evidence presented at the suppression hearing tended to show that Investigator Anthony Dodson of the Cullman County Sheriff's Department attempted to contact the appellant concerning a robbery of an employee at a senior citizen's center and the subsequent cashing of a forged check taken during the robbery. Dodson said that he went to the appellant's house after the robbery, but that the appellant was not home. He told the appellant's mother that he needed to talk to the appellant. The appellant went to the Cullman County Sheriff's Department and asked to talk with Dodson.
Dodson testified that he took the appellant into his office and told him that he wanted to *Page 798 
talk to him but that "he was not under arrest." The appellant told Dodson that he had found the check and cashed it with a friend, Raymond Ward, at a Piggly Wiggly grocery store. He also signed a written statement to that effect. Dodson testified that he told the appellant at this point that his story was hard to believe.
Chief Investigator Phillip Lambert of the Cullman County Sheriff's Department was also present when the appellant gave the statement. He testified that he talked with the appellant for about 15 minutes and said that he generally told him that he should face up to his mistake, get it behind him, and get on with his life. At this point, the appellant confessed to the robbery of the employee of the senior citizen's center as well as to forging and cashing the stolen check. The appellant then gave another written statement and signed it. Finally, at that time, the appellant was read his Miranda warning and arrested.
The appellant contends that his statement should be suppressed because he was in custody when he gave his statement and he had not been given his Miranda warning. He relies on the facts that he was questioned at the sheriff's department by armed law enforcement officers for approximately three hours without being allowed to take a break and that there was probable cause to arrest him at the time he was questioned. He contends that his statement should therefore be suppressed because he was not given Miranda warnings.
All extrajudicial statements are presumed involuntary unless the state presents sufficient evidence to show that the statements were voluntary and were made subsequent toMiranda warnings. Carr v. State, 545 So.2d 820, 822
(Ala.Cr.App. 1989). However, Miranda warnings are not required until a suspect is questioned while "in custody." Landreth v.State, 600 So.2d 440, 444 (Ala.Cr.App. 1992). In order to decide if a suspect is "in custody," the court, looking at the totality of the circumstances, must find that a reasonable person in the accused's position would believe that he or she is not free to leave. Landreth, 600 So.2d at 444. "In deciding whether the questioning of a suspect is 'custodial' the following factors should be considered:
 " 'whether the suspect was questioned in familiar or neutral surroundings, the number of law enforcement officers present at the scene, the degree of physical restraint of the suspect, the duration and character of the questioning, how the suspect got to the place of questioning, the language used to summon the suspect, the extent to which the suspect is confronted with evidence of guilt, and the degree of pressure applied to detain the suspect.' "
600 So.2d at 444, quoting P.S. v. State, 565 So.2d 1209, 1214
(Ala.Cr.App. 1990). However, the subjective views of the police as to whether a suspect is in custody have no bearing on this determination. Stansbury v. California, 511 U.S. 318, ___,114 S.Ct. 1526, 1529, 128 L.Ed.2d 293 (1994).
Here, looking at the totality of the circumstances, we hold that the appellant was not "in custody" for purposes ofMiranda. He came to the sheriff's department voluntarily. Investigator Dodson told him that he was not under arrest. The appellant was not physically restrained in any way. There was no evidence that the officers threatened or coerced him. Although the questioning took place in Dodson's office at the sheriff's department, Miranda warnings are not required "simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect."Oregon v. Mathiason, 429 U.S. 492, 495, 97 S.Ct. 711, 714,50 L.Ed.2d 714, 719 (1977).
In Mathiason, the defendant was questioned under circumstances similar to those is the present case. He came to the police station voluntarily; he was told he was not under arrest; and he was questioned in an office with the door closed. The United States Supreme Court held that "[i]t is clear from these facts that Mathiason was not in custody 'or otherwise deprived of his freedom of action in any significant way.' " Mathiason, 429 U.S. at 495, 97 S.Ct. at 714,50 L.Ed.2d at 719. *Page 799 
Here, we also hold, as the United States Supreme Court held in Mathiason, that a reasonable person in the appellant's position would believe that he was free to leave and that, therefore, he was not in custody.
The appellant last contends that his statement was not voluntary because Lambert told him that it would be better for his conscience if he faced his mistakes. Also, Lambert told the appellant he might try to get him help for his addiction to crack cocaine. The appellant contends that these statements were implied threats and promises, which rendered his confession involuntary.
It is well settled that "[a]ny implied promises, however tenuous, render a statement to the police involuntary and the product of coercion." Franklin v. State, 621 So.2d 364, 367
(Ala.Cr.App. 1992); Wyatt v. State, 620 So.2d 77 (Ala.Cr.App. 1992). See C. Gamble, McElroy's Alabama Evidence, § 200.01(1) (4th ed. 1991). However, the record reflects that the officers did not make any promises of leniency in exchange for the appellant's confession and did not make any threats if he did not cooperate. We hold that the statements by Lambert did not render the appellant's confession involuntary. The trial court correctly denied the appellant's motion to suppress.
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.