A jury convicted Leon McLeod, Jr., of the murder of James McKissick, and the trial court sentenced McLeod to life in prison. The Court of Criminal Appeals reversed McLeod's conviction, holding that his confession was involuntary as having been induced by an implied promise of leniency and, therefore, that the confession should not have been admitted at the trial.McLeod v. State, 718 So.2d 723 (Ala. 1996). We granted certiorari review to consider that holding in light of our subsequently issued opinion in Ex parte Gaddy, 698 So.2d 1150 (Ala. 1997). We reverse.
 I.
The facts pertinent to McLeod's confession are as follows: Police officers, responding to James McKissick's killing, recovered a pistol and drugs from McLeod's residence, where McKissick had been killed. The police arrested McLeod on a drug charge and took him to the police station. Officer Paul Burch read McLeod his Miranda[1] rights. McLeod stated that he understood his rights. He signed a form stating that he understood what he was doing and stating that no threats or promises had been made to coerce or induce him to answer questions. He indicated to the police that he wanted to cooperate. Then, after discussing the drug charge with McLeod, Officer Burch asked McLeod if he had used the pistol recovered at the residence to kill McKissick. McLeod answered, "Yes."[2]
McLeod moved to suppress evidence of the confession. At the suppression hearing, Officer Burch testified as follows:
 "Q: Did you or anyone in your presence threaten Mr. McLeod in any way?
"A: No ma'am.
 "Q: Did you or anyone in your presence offer him any hope of immunity?
". . . .
"A No.
"Q: Did you make him any promises of leniency?
 "A: No, ma'am, other than he said he wanted to cooperate. And we said if he cooperated we'd make his cooperation known to the District Attorney and to the Court."
(Emphasis added.) The Court of Criminal Appeals held that because the police bargained with McLeod ("if he cooperated we'd make his cooperation known"), his subsequent confession was improperly induced by an implied promise of leniency. We must determine whether a statement by the police indicating that "if" the defendant cooperates, then the police will make his cooperation known, taints a confession, or any inculpatory statement, as involuntary. *Page 729 
 II.
For a confession, or an inculpatory statement, to be admissible, the State must prove by a preponderance of the evidence that it was voluntary. Ex parte Singleton,465 So.2d 443, 445 (Ala. 1985). The initial determination is made by the trial court. Singleton, 465 So.2d at 445. The trial court's determination will not be disturbed unless it is contrary to the great weight of the evidence or is manifestly wrong. Marschke v.State, 450 So.2d 177 (Ala.Crim.App. 1984). The trial court held, based on Officer Burch's testimony and McLeod's signed waiver-of-rights form, that McLeod's confession was voluntary. The Court of Criminal Appeals reversed the conviction, holding that the confession was involuntary.
The Fifth Amendment to the Constitution of the United States provides in pertinent part: "No person . . . shall be compelled in any criminal case to be a witness against himself. . . ." Similarly, § 6 of the Alabama Constitution of 1901 provides that "in all criminal prosecutions, the accused . . . shall not be compelled to give evidence against himself." These constitutional guarantees ensure that no involuntary confession, or other inculpatory statement, is admissible to convict the accused of a criminal offense. Culombe v. Connecticut,367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961); Hubbard v. State,283 Ala. 183, 215 So.2d 261 (1968).
It has long been held that a confession, or any inculpatory statement, is involuntary if it is either coerced through force or induced through an express or implied promise of leniency.Bram v. United States, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568
(1897). In Culombe, 367 U.S. at 602, 81 S.Ct. at 1879, the Supreme Court of the United States explained that for a confession to be voluntary, the defendant must have the capacity to exercise his own free will in choosing to confess. If his capacity has been impaired, that is, "if his will has beenoverborne" by coercion or inducement, then the confession is involuntary and cannot be admitted into evidence. Id. (emphasis added).[3]
The Supreme Court has stated that when a court is determining whether a confession was given voluntarily it must consider the "totality of the circumstances." Boulden v. Holman, 394 U.S. 478,480, 89 S.Ct. 1138, 1139-40, 22 L.Ed.2d 433 (1969); Greenwald v.Wisconsin, 390 U.S. 519, 521, 88 S.Ct. 1152, 1154, 20 L.Ed.2d 77
(1968); see Beecher v. Alabama, 389 U.S. 35, 38, 88 S.Ct. 189,191, 19 L.Ed.2d 35 (1967). Alabama courts have also held that a court must consider the totality of the circumstances to determine if the defendant's will was overborne by coercion or inducement. See Ex parte Matthews, 601 So.2d 52, 54 (Ala.) (stating that a court must analyze a confession by looking at the totality of the circumstances), cert. denied, 505 U.S. 1206,112 S.Ct. 2996, 120 L.Ed.2d 872 (1992); Jackson v. State,562 So.2d 1373, 1380 (Ala.Crim.App. 1990) (stating that, to admit a confession, a court must determine that the defendant's will was not overborne by pressures and circumstances swirling around him); Eakes v. State, 387 So.2d 855, 859 (Ala.Crim.App. 1978) (stating that the true test to be employed is "whether the defendant's will was overborne at the time he confessed") (emphasis added). Thus, to determine whether McLeod's confession was improperly induced, we must determine if his will was "overborne" by an implied promise of leniency.
Instead of applying the "overborne" test, the Court of Criminal Appeals applied a more stringent "bargained with" test. It held that because Officer Burch "bargained with" McLeod to obtain his confession — if McLeod cooperated, the police would make his cooperation known to the district attorney — the confession "was improperly induced by a promise made by Officer Burch that reasonably engendered a hope of favor in McLeod's mind." McLeod, 718 So.2d at 727. We disagree.
In Gaddy, 698 So.2d at 1154, this Court expressly disapproved the "bargained *Page 730 
with" test used by the Court of Criminal Appeals and held that a court should examine the totality of the circumstances to determine if an implied promise of leniency caused the defendant to make the confession — i.e., if it overbore the will of the defendant. Thus, the test of involuntariness of a confession, or other inculpatory statement, is not whether the defendant bargained with the police, but whether in his discussions with the police, which may have included bargaining, the defendant's will was overborne by "apprehension of harm or hope of favor." See Gaddy, 698 So.2d at 1154 (quoting Ex parte Weeks,531 So.2d 643, 644 (Ala. 1988)); Culombe, 367 U.S. at 602,81 S.Ct. at 1879; Jackson, 562 So.2d at 1380. To determine if a defendant's will has been overborne, we must assess "the conduct of the law enforcement officials in creating pressure and the suspect's capacity to resist that pressure"; "[t]he defendant's personal characteristics as well as his prior experience with the criminal justice system are factors to be considered in determining [the defendant's] susceptibility to police pressures." Jackson, 562 So.2d at 1380-81 (citations omitted).
The evidence does not indicate that McLeod was threatened with physical intimidation or psychological pressure. The evidence does not show that the interrogation lasted for an extraordinary length of time or that he was deprived of either food or sleep for an unexplained and prolonged time. See, e.g., Pardue v.State, 695 So.2d 199 (Ala.Crim.App. 1996) (holding that a confession obtained by interrogating the defendant for approximately 78 hours was involuntary). Further, the evidence does not show that McLeod was under the influence of alcohol or drugs when he confessed. See, e.g., Boggan v. State,455 So.2d 228, 236 (Ala.Crim.App. 1984) (stating that the defendant's intoxication may cause his inculpatory statement to be inadmissible).
The evidence indicates that although McLeod did not have a previous arrest record and thus may have had little prior experience with the criminal justice system, he is an adult who can read and write, and he signed a waiver form indicating that he knowingly, intelligently, and voluntarily waived his rights. The evidence also indicates that the interrogation of McLeod was conducted in a civil manner free of displays of force, intimidation, or strong-arm tactics.
Moreover, as in Gaddy, 698 So.2d at 1155, the defendant in this case initiated the portion of the discussion that led to his confession. McLeod indicated that he wanted to cooperate with Officer Burch. Thus, this case is less like Weeks, 531 So.2d at 644, where the officer's inducement actually caused the defendant to make an inculpatory statement, and more like Gaddy, 698 So.2d at 1155, where the officer's inducement did not actually cause the defendant to confess.
Absent the exertion of physical or psychological force or any particular and peculiar susceptibility to inducement on the part of McLeod, the officer's stating that he would make McLeod's cooperation known to the district attorney was, under the totality of the circumstances, insufficient to taint, McLeod's confession as involuntary.[4] Therefore, *Page 731 
we hold that the State carried its burden of proving that McLeod's confession was voluntary. We reverse the judgment of the Court of Criminal Appeals and remand the case for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX and HOUSTON, JJ., concur.
ALMON, SHORES, KENNEDY, and BUTTS, JJ., concur in the result.
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966).
[2] There was evidence to indicate that McKissick and his girlfriend had visited McLeod's wife at McLeod's residence; that McLeod returned home and became angry when he saw McKissick sitting at the kitchen table that McLeod exchanged words with McKissick and then pulled a pistol: and that McLeod shot McKissick three times in the head at point-blank range.
[3] In Arizona v. Fulminante, 499 U.S. 279 286 n. 2,111 S.Ct. 1246, 1252 n. 2, 113 L.Ed.2d 302 (1991), the Supreme Court reaffirmed that the test of voluntariness is whether "a defendant's will has been overborne" (citing Culombe v.Connecticut, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037
(1961)).
[4] Moreover, we note that the mere promise to make cooperation known to law enforcement authorities, as opposed to d direct promise of a reduced sentence, generally is not considered an illegal inducement. In United States v. Nash, 910 F.2d 749,752-53 (11th Cir. 1990), the United States Court of Appeals for the Eleventh Circuit held:
 "We find that the district court was not clearly erroneous in accepting [the officer's] testimony that he only promised to make [the defendant's] cooperation known to the United States Attorney's office and gave no guarantee of a reduced sentence. Although [the officer] told [the defendant] that cooperating defendants generally `fared better time-wise,' this statement did not amount to an illegal inducement: `telling the [defendant] in a noncoercive manner of the realistically expected penalties and encouraging [him] to tell the truth is no more than affording [him] the chance to make an informed decision with respect to [his] cooperation with the government.'"
(Quoting United States v. Ballard, 586 F.2d 1060, 1063 (5th Cir. 1978)). Accord United States v. Levy, 955 F.2d 1098, 1105 (7th Cir. 1992) (holding that federal agent's indication to defendant that his cooperation would be reported to the United States Attorney did not make defendant's confession involuntary); UnitedStates v. Meirovitz, 918 F.2d 1376, 1380 (8th Cir. 1990) (holding that confession was voluntary although agents had promised to inform prosecutor of defendant's cooperation); United States v.Guerrero, 847 F.2d 1363 (9th Cir. 1988) (holding that agent's promise to inform prosecutor of defendant's cooperation does not render a subsequent confession involuntary); United States v.Baldachino, 762 F.2d 170, 179 (1st Cir. 1985) (holding that an officer's promise to bring defendant's cooperation to the attention of the prosecutor did not make confession involuntary).