BROWN, Justice
(dissenting).
I respectfully dissent. As the Court of Criminal Appeals noted in its unpublished memorandum affirming the trial court’s judgment of conviction, Smith did not file a pretrial motion to suppress his statement to Deputy McEwin. Thus, before Deputy McEwin began to testify at trial, the trial court had not been apprised of any grounds for Smith’s objection to the admission of his statement. At trial, the only ground Smith’s counsel stated for objecting to the testimony concerning the statement was: “I don’t think the proper predicate has been laid.” The predicate for admission of a defendant’s extrajudicial statement to law-enforcement officials is two-pronged: the State must show (1) that proper Miranda warnings were given to the defendant before he was questioned by law-enforcement officials and (2) that the defendant’s statement was voluntary, i.e., that it was not procured through coercion or improper inducement. See, e.g., McLeod v. State, 718 So.2d 727, 729 (Ala.1998). When objecting on the ground of improper predicate, Smith’s counsel did not state whether the alleged deficiency was in the Miranda prong or in the volun-tariness prong or in both prongs — or indeed whether he was alleging some other foundational deficiency. Only on appeal did Smith, for the first time, argue that there was a deficiency in the Miranda prong of the predicate and that the specific deficiency was in Deputy McEwin’s omission of a statement that he advised Smith, as required by Miranda, that anything Smith said could and would be used against him in court. In this case, I find the objection of improper predicate to be insufficient to put the trial court on notice of the specific deficiency that Smith asserted for the first time on appeal. Before Smith’s counsel registered the objection of improper predicate, Deputy McEwin had (1) testified generally that he gave Smith the Miranda warning, (2) testified specifically that he advised Smith of his right to remain silent and of his right to counsel, *92 (3) testified that Smith then asked for and received an attorney, and (4) testified that Smith’s attorney was present when Smith gave his statement. Under the circumstances, I do not think the trial court would have understood Smith’s counsel to be arguing, by his objection to the predicate, that Deputy McEwin had failed to specifically state that he advised Smith that anything he said could and would be used against him in court.
A trial court should not be required to cast about for all possible specific grounds for an objection. Given Smith’s failure to file a pretrial motion to suppress his statement to Deputy McEwin, and given the general nature of his counsel’s objection at trial, I agree with the Court of Criminal Appeals that Smith failed to preserve by proper objection the issue he raised on appeal.